IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **WILLIE JAMES POLLEY,** § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | Civil Action No. 4:05-CV-0458-Y |
| § | | |
| **COLE JETER, Warden,** § | | |
| **Federal Medical Center–Fort Worth,** § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the United States Magistrate Judge, as evidenced by his signature hereto, are as follows:

### I. FINDINGS AND CONCLUSIONS

*A. Nature of the Case*

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2241.

*B. Parties*

Petitioner Willie James Polley, federal prisoner # 05805-0783, is confined in the Federal Medical Center-Fort Worth in Fort Worth, Texas.

Respondent Cole Jeter is the Warden of the Federal Medical Center-Fort Worth. No process has been issued on Respondent in this case.

*C. Factual Background*

On October 19, 1995, Polley was found guilty by a jury of one count of conspiracy to distribute narcotics in the United States District Court for the Eastern District of Texas, Tyler

Division, and, on May 2, 1996, he was sentenced to a term of 240 months' incarceration. *See* CM/ECF, Criminal Docket for Case # 6:95-CR-37-LED-5, docket entries for October 19, 1995 & May 2, 1996. Polley appealed his conviction and sentence, but the Fifth Circuit Court of Appeals affirmed the trial court's judgment on May 16, 1997. *Id.*, entry for May 16, 1997. Thereafter, Polley pursued, to no avail, postconviction collateral relief via a § 2255 motion(s) to vacate and a § 2241 petition(s) for habeas corpus relief. *Id.*, entries for May 6, 1998 & July 23, 1998; CM/ECF, Civil Docket for Case ## 6:98-CV-53-JH, 6:98-CV-305-JH, 6:04-CV-333-LED-JKG, 4:01-CV-521. On July 12, 2005, Polley filed this petition under § 2241 in this division, where he is currently serving his sentence.

*D. Legal Discussion*

Polley contends that his sentence is unconstitutional and that he is actually innocent of his sentence, which was enhanced based on judge-found facts regarding the quantity of the narcotics attributable to him, in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), in which the Court held 18 U.S.C. § 3553(b) (making the federal Sentencing Guidelines mandatory) unconstitutional.[1]

This Court has the duty to assure that it has jurisdiction over the matters before it and may raise a jurisdictional issue *sua sponte* at any time. *See Burge v. Parish of St. Tammany*, 187 F.3d

---

[1] In *Booker*, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004): pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id.* at 756-57.

2

452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." FED. R. CIV. P. 12(h)(3).

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Polley cannot satisfy the first prong of the *Reyes-Requena* test. Polley fails to cite legal authority or present a factual basis demonstrating that he was convicted of a nonexistent offense. Further, the Fifth Circuit has recently held that *Booker* does not apply retroactively to cases on collateral review. *See Padilla v. United States*, ___ F.3d ___, 2005 WL 1595291, at *3 (5th Cir. July

3

8, 2005).[2] *See also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (holding *Booker* does not apply retroactively on collateral review for purposes of successive motion to vacate under § 2255). Bound by the law of our circuit, Polley cannot meet the retroactivity requirement. As such, Polley is precluded from challenging the legality of his convictions or sentence under § 2241. Thus, the court is without jurisdiction to consider the petition. *See Padilla*, 2005 WL 1595291, at *3; *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. ), *cert. denied*, 540 U.S. 1085 (2003).

## II. RECOMMENDATION

It is therefore recommended that Polley's petition for writ of habeas corpus be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

---

[2]Other circuit courts to consider the issue have also concluded that *Booker* does not apply retroactively on collateral review. *See Guzman v. United States*, 404 F.3d 139, 141-44 (2nd Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. July 5, 2005) (No. 05-5187); *In re Olopade*, 403 F.3d 159, 160-64 (3rd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-61 (6th Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. May 17, 2005) (No. 05-5130); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005); *Never Misses A Shot v. United States*, ___ F.3d ___, 2005 WL 1569403, at *2 (8th Cir. July 7, 2005); *United States v. Price*, 400 F.3d 844, 846-49 (10th Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. May 31, 2005) (No. 04-10694); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005); *United States v. Fowler*, No. 05-6493, 2005 WL 1416002, at *1 (4th Cir. June 17, 2005) (not designated for publication in the Federal Reporter); *In re Hinton*, 125 Fed. Appx. 317, 2005 WL 566608, at *1 (D.C. Cir. Mar. 10, 2005) (not designated for publication in the Federal Reporter).

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 22, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 22, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 29, 2005.

       /s/   Charles Bleil
    CHARLES BLEIL
    UNITED STATES MAGISTRATE JUDGE